UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MURIEL CHAMBERS )
as next of friend to the minor child, )
C.L. and on behalf of all other )
persons similarly situated; )
1027 46th St. N.E. )
Washington, DC 20019 )
 )
and )
 )
JAMESETTA DAVIS )
as next of friend to the minor child, )
W.D. and on behalf of all other )
persons similarly situated, )
200 I St. S.W. )
Washington, DC 20024 )
 )
and )
 )
OPTIONS PUBLIC CHARTER SCHOOL OF )
WASHINGTON, DC, individually and on )
behalf of all others similarly situated, )
1375 E St. N.E. )
Washington, DC 20002 )
 )
     Plaintiffs )
 )
        v. )
 )
THE GOVERNMENT OF THE DISTRICT )
OF COLUMBIA )
441 4th Street, N.W. )
Washington, DC 20001 )
 )
Serve : )
 )
Robert Spagnoletti, )
Attorney General )
District of Columbia )
441 4th Street, N.W. )
Washington, DC 20001 )
 )

and                                              )
                                                 )
Mayor Anthony Williams                           )
Office of the Secretary                          )
1350 Pennsylvania Avenue, N.W.                   )
Washington, DC 20004                             )
                                                 )
Defendant                                        )

## COMPLAINT

### PRELIMINARY STATEMENT

1. The District of Columbia participates in Medicaid, a jointly funded federal-state program established by Titles XIX and XXI of the Social Security Act, §§1396 et seq. Medicaid provides funds to medical service providers to pay for the medical needs of those who are financially eligible under state standards. The District of Columbia participates in the Medicaid program pursuant to public law 90-227 dated December 27, 1967. In return for its promise to operate the Medicaid program in conformity with applicable federal statutes and regulations the District of Columbia received over 950 million dollars in 2005 in Medicaid payments from the federal government including over 21 million dollars for the school based services here at issue.

2. The plaintiffs seek to have this court declare invalid, and enjoin, the pattern and practice of the Defendant under which payment is denied for the medical services provided by publicly funded charter schools to Medicaid eligible students.

## JURISDICTION

3. Jurisdiction is conferred on this court by 28 U.S.C. §1343, §1331 and §1337. The matter in controversy exceeds in value, exclusive of interest and costs, $10,000.

4. Plaintiff's action for declaratory and injunctive relief, and for damages, is authorized by 28 U.S.C. §2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, which relate to declaratory judgments, and by 42 U.S.C. §1983, which provides redress for the deprivation, under color of state law, of rights, privileges and immunities secured to all citizens and persons within the jurisdiction of the United States by the Constitution and laws of the United States.

## PLAINTIFFS

5. Plaintiff Muriel Chambers and her son, C.L. are citizens of the United States and residents of the District of Columbia.

6. Plaintiff, C.L. was born on February 2, 1993, and is at present 13 years of age.

7. Plaintiff Jamesetta Davis and her daughter W.D. are citizens of the United States and residents of the District of Columbia.

8. Plaintiff, W.D. was born on May 5, 1990 and is at present 12 years of age.

9. Plaintiff, OPTIONS Public Charter School is chartered under §38-1800.01 et.seq. and is obligated by law to provide Special Education services to its students

under DCMR Title 5 Chapter 30 to the same extent as other public schools in the District of Columbia.

10. Plaintiff, OPTIONS Public Charter School, has applied for, but has been denied the same status other public schools enjoy within the District of Columbia as a Medicaid eligible provider of school based services without stated reason.

## CLASS ACTION

11. The named plaintiffs bring this action on their own behalf and, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of all other persons and charter schools similarly situated.  The members of the class similarly situated are those persons eligible for Medicaid who receive school based Medicaid eligible services in the District of Columbia under an IEP, but have been denied payment(s) by reason of their attendance at a public charter school; and, the schools denied provider status and payment under the District of Columbia Medicaid program because they are public charter schools.  The requirements of Rule 23 are met in the class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the representative parties are typical of the claims of the class; the representative parties will fairly and adequately protect the interests of the class; and the party opposing the class has acted on grounds generally applicable to the class; thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

## DEFENDANT

12. Defendant is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Department of Health, which in turn is charged with oversight responsibility for the District of Columbia Medical Assistance Administration (hereinafter MAA). MAA is the DC Agency charged with the responsibility for administering the various public assistance programs under Public Law 90-227 including Medicaid (Title XIX).

## FACTUAL ALLEGATIONS

13. The individual plaintiffs receive Special Education services such as psychological counseling, speech therapy, physical therapy, and occupational therapy prescribed under Individual Education Plans mandated by D.C.M.R. Title 5 Chapter 30, §3007.

14. The individual plaintiffs, authorized the Options Public Charter School to bill Medicaid for the cost of services provided.

15. On or about January 2003, the DC Public Charter School Cooperative (now Association) filed an application with the MAA, seeking certification for all DC Public Charter Schools as a Provider of Services under the District of Columbia's Medicaid Program, a condition precedent for the submission of bills to MAA for the Special Education services provided to the individual plaintiffs.

16. On or about May 12, 2003, the application was denied by MAA. In view of the fact that MAA provides no hearing or other appellate mechanism to denied applicants for provider numbers, Options Public Charter School on September 3, 2004, submitted an application to MAA seeking approval as a Public Agency inasmuch as

MAA would not treat Options as eligible for provider status as a regular public school. Subsequently, on December 5, 2004, MAA granted Options Public Agency Status.

FIRST CLAIM

17.  The District of Columbia's pattern, practice and procedure permits identically situated students to receive payment for identical services when they are provided by other District of Columbia Public Schools (DCPS) created under §38-101 et. seq. but not when provided by Public Charter Schools created under §38-1800.01 et.seq.

18.  This practice creates two classes of students for the purposes of the Medicaid program.  One class of Medicaid eligible students who attend publically financed Municipal Schools, the other class of Medicaid eligible students who attend publically financed Charter Schools.

19.  The two classes of students are indistinguishable in terms of the purposes of the Medicaid program.  Both are equally eligible and receive identical services under the identical state statutes under identical preconditions for payment, and financial and medical need.

20.  The aforesaid classification is arbitrary and irrational and unrelated to the purpose of the Medicaid program and is unsupported by any reasonable state justification, and thus is invalid under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## SECOND CLAIM

21. The Plaintiff, OPTIONS Public Charter School is a charter school under the District of Columbia law §38-1800.01 et.seq.

22. District of Columbia Public Schools organized under D.C. Code §38-101 et.seq., are recognized by MAA as providers eligible to participate in the Medicaid program; but MAA also precludes any appeal of its decisions as to eligibility as providers for Public Charter Schools.

23. MAA has refused to recognize OPTIONS Public Charter School or any other Public Charter School as a public school eligible for provider status to the same extent and with the same benefits and rules as applied to DC Public Schools.

24. This pattern and practice creates two classes of providers; publicly funded schools which operate under the supervision of the District of Columbia Public Schools and publicly funded charter schools created under §38-1800.01 et.seq. While the first classification is granted provider status, the second is denied provider status.

25. The two classes of schools are indistinguishable in terms of the purposes of the Medicaid program. Both are equally eligible and provide identical services under state statutes.

26. The aforesaid classification is arbitrary and irrational and unrelated to the purpose of the Medicaid program and is unsupported by any reasonable state justification, and thus is invalid under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## THIRD CLAIM

27. The aforesaid provision precluding all appeal from the determination of MAA is a denial of Procedural due process invalid under the Fifth and Fourteenth Amendment to the United States Constitution.

## FOURTH CLAIM

28. The Rules and Regulations of the U.S. Department of Health & Human Services, Centers for Medicare and Medicaid Services (hereinafter CMS), the federal agency responsible for administering the Medicaid program, forbid state discrimination between providers and require that a State Agency administering the State Plan qualifying for federal reimbursement be inclusive in permitting providers to participate in the program and give eligible individuals the widest possible choice of providers for medically required services.

29. The denial of provider status to OPTIONS Public Charter School deprives the charter school plaintiff's rights and property to which they are entitled under Title XIX of the Social Security Act.

30. The State pattern and practice of denying provider status to charter schools is void under the Supremacy Clause of the United State Constitution.

EXHAUSTION OF REMEDIES

31. Plaintiff and members of his class have suffered and continue to suffer grievous and irreparable injury by reason of Defendant's application and enforcement of the illegal and unconstitutional actions challenged herein.  Plaintiffs have no adequate remedy at law available to them.  Plaintiffs have exhausted their administrative remedies.

RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request on their own behalf, and on behalf of all those similarly situated, that this Court.

1. Assume jurisdiction of this cause, and set this case down promptly for hearing.

2. Determine by order, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, that this action be maintained as a class action.

3. Pending a hearing, grant a temporary restraining order pursuant to 28 U.S.C. §2284(3) restraining the Government of the District of Columbia through its agencies the DC Department of Health and the DC Medical Assistance Administration (MAA), their successors in office, agents and employees, and all other persons in active concert and participation with them, from continuing to cause irreparable harm to the charter school plaintiffs by refusing to grant provider status and payments for eligible services provided to Medicaid eligible students, and: from continuing to cause irreparable harm

to the individual plaintiffs by refusing to grant them Medicaid benefits in the amount to which they are entitled and would otherwise be available to them except for the fact that they attend charter schools.  Provide all Public Charter schools with the right to submit requests for payment for services under the same rules applicable to DC Public Schools with retroactivity back to the date of the school's charter.  Permit all Public Charter Schools the right to select reimbursement from a complete list of all services approved by the Federal Government at 100% reimbursement of actual costs as provided by the District of Columbia's State Plan dated July 24, 1978 and all subsequent amendments.  Finally, require MAA to accept the same documentation for all purposes as they accept from any other DC Public School.

    4.  Enter a final judgment pursuant to 28 U.S.C. §§2201 and 2202 and Rules 54, 57, and 58 of the Federal Rules of Civil Procedure declaring that the state pattern and practice of denying provider status to charter schools are invalid on the grounds that they are violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and Title XIX of the Social Security Act; that MAA's practices and procedures are invalid in so far as they deny due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and are violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and Title XIX of the Social Security Act.

    5.  Enter preliminary and permanent injunctions, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendant's agencies, their successors in office, agents and employees, and all other persons in active concert and participation with them from refusing, solely on the grounds of their status as a District of Columbia

Public Charter School, to grant to the charter school plaintiff, and all persons similarly situated, Medicaid provider status and payment for services in the amount to which they are otherwise entitled from the Medicaid program.

6. Order the defendant's agencies, their successors in office, agents and employees, to notify promptly by first class mail at their last known address all charter schools who have been denied provider status, because of the provisions enjoined herein, that they are now eligible for such status and may reapply.

7. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, allow plaintiffs their costs, herein, and also grant them and all persons similarly situated such additional or alternative relief, including payment of all monies wrongfully withheld, as may seem to this Court to be just, proper, and equitable.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

_____/s/_____
Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA. 22314
(703) 739-4300
(703)-739-2323 (fax)

_____/s/_____
Ellen Douglass Dalton, Esq. (Bar. No. 411612)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA. 22314
(703) 739-4300
(703)-739-2323 (fax)

```
_____/s/_____
```
William E. Houston, Esq. (Bar. No. 450223)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA. 22314
(703) 739-4300
(703)-739-2323 (fax)